| | |
|---|---|
| CARLOS REZA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:15-cv-00110-SMS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

SCREENING ORDER

On January 22, 2015, Plaintiff Carlos Reza Hernandez, proceeding *pro se*, filed the complaint in this matter, alleging that the Commissioner erred in denying his application for social security benefits. Because the complaint omits an allegation of the date on which the decision below became final, the Court dismisses it with leave to amend.

**I.      Screening Requirement**

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

In screening a complaint, the Court does not rule on the merits of the proposed action. Instead, it evaluates whether the complaint sets forth facts sufficient to render each claim cognizable. The screening process does not substitute for any subsequent Rule 12(b)(6) motion that a defendant may elect to bring later.  *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1120 (S.D. Cal. 2007).

## II.   **Pleading Standards**

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

> (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)   a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d).

 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here.  *Swierkiewicz v. Sorema  N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550

2

U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

### III. Discussion

Plaintiff's letter requesting review of the Commissioner's denial of his application for social security disability benefits is generally sufficient to set forth a cognizable claim for review of the Commissioner's decision. The Court's review revealed one area of significant concern, however. Plaintiff states that his application was denied following a hearing on April 11, 2013, but does not provide the date on which the determination below became final, that is, the date of the written hearing decision or the date on which the Appeals Council denied the request for review, if Plaintiff requested one. As a result, the Court cannot determine whether Plaintiff's complaint was timely filed.

Unless a disability claimant files an action in federal district court, the final decision of the Appeals Council, or the decision by the administrative law judge ("ALJ") if the Appeals Council denied review, is binding. The claimant must file the district court action within 60 days after receipt of the Appeals Council's action or within the time period set forth in any extension granted by the Appeals Council.[1]  42 U.S.C.§ 405(g); 20 C.F.R. §§ 404.981, 416.1481, and 422.210. Receipt of notice is presumed to be five days after the notice's date, unless the claimant can make a reasonable contrary showing. 20 C.F.R. § 422.210(c).

### iv. Conclusion and Order

Because the complaint fails to allege the date on which the determination below became final, the Court will dismiss it. Plaintiff may amend the complaint by filing a new complaint including this information. Plaintiff may not change the nature of this suit by adding new, unrelated

---

[1] In certain limited cases, courts have equitably extended the limitations period. The Court offers no opinion whether the circumstances of Plaintiff's case could justify equitable relief if it is otherwise untimely. If Plaintiff believes this action may be untimely, he may wish to consult an attorney experienced in social security appeals for guidance.

3

claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Since the complaint in otherwise cognizable, Plaintiff need not change any portion of it other than to specify the final determination date.

Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 15-220. Plaintiff is warned that anything alleged in an original complaint which is not alleged in an amended complaint will be deemed waived.

Based on the foregoing, the Court hereby ORDERS that:

1. The complaint is dismissed with leave to amend.
2. Within **thirty (30) days** from the date of service of this order, Plaintiff may file an amended complaint curing the deficiency identified by the Court in this order, that is, the omission of the date on which the decision below became final.
3. If Plaintiff fails to comply with this order, this action will be dismissed without prejudice for failure to obey a Court order.

IT IS SO ORDERED.

Dated:   **January 31, 2015**            /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE