1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                    **EASTERN DISTRICT OF CALIFORNIA**
7
8    CARLOS HERNANDEZ,                    CASE NO. 1:15-CV-110-DAD-SMS
9                    Plaintiff,           ORDER AMENDING SCHEDULING
                                          ORDER
10        v.
11   CAROLYN W. COLVIN,
     Acting Commissioner of Social Security,
12
                     Defendant.
13

14          Plaintiff, proceeding in pro se, filed his social security complaint on January 22, 2015.

15   Doc. 1. On February 2, 2015, this Court screened the complaint and dismissed it with leave to

16   amend. Doc. 5. On April 29, 2015, Plaintiff filed his first amended complaint (Doc. 14), which the

17   Court ordered served on the Commissioner. On May 15, 2015, this case was consolidated with

18   another case filed by Plaintiff (1:15-cv-00262-SKO). Doc. 16. That case had already set a

19   scheduling order. On September 17, 2015, the Commissioner lodged the administrative transcript.

20   Doc 22. On December 30, 2015, this Court issued a scheduling order in this case. Doc. 26. Other

21   than Plaintiff's declination to proceed before a magistrate judge, nothing has been filed in this case

22   after the December 30, 2015 scheduling order.

23          There is some confusion due to the consolidation of cases. The scheduling order in this

24   case sets the date for the administrative transcript to be filed within 120 days after service of the

25   complaint. However, by the time the scheduling order was issued, 120 days after service of the

26   first amended complaint had passed, and the administrative transcript had already been filed. To

27   clarify this confusion, the Court amends the scheduling order (Doc. 26) below.

28

**ORDER**

1.   Within thirty (30) days after service of this order, appellant shall serve on respondent a letter brief outlining the reasons why he/she contends that a remand is warranted. The letter brief shall succinctly set forth the relevant issues and reasons for the remand. The letter brief itself shall NOT be filed with the court and it shall be marked "confidential." A separate proof of service reflecting that the letter brief was served on respondent shall be filed with the court.

2.   Within thirty−five (35) days after service of appellant's letter brief, respondent shall serve a response to appellant's letter brief on appellant. The response itself shall NOT be filed with the court and it shall be marked "confidential." A separate proof of service reflecting that the response was served on appellant shall be filed with the court.

3.   In the event the parties stipulate to a remand to the Commissioner, the stipulation shall be filed with the Court WITHIN fifteen (15) days after respondent serves his response on appellant.

4.   In the event respondent does not agree to a remand, within thirty (30) days of service of respondent's response, appellant shall file and serve an opening brief with the court and on respondent.

5.   In the event that the parties have already engaged in the prior steps (1-4), appellant shall file and serve an opening brief with the court and on respondent within thirty (30) days of service of this order.

6.   Respondent's responsive brief shall be filed with the court and served on appellant within thirty (30) days after service of appellant's opening brief.

7.   Appellant's reply brief shall be filed with the court and served on respondent within fifteen (15) days after service of respondent's brief.

8.   Paragraphs 9-15 of the original scheduling order (Doc. 26) remain intact.

IT IS SO ORDERED.

Dated:   __February 2, 2016__                       _____**/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE