# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERNANDEZ, | Case No. 1:15-cv-00110-DAD-SMS |
| Plaintiff, | |
| v. | ORDER AMENDING SCHEDULING ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 32) |
| Defendant. | |

This matter is before the Court on Plaintiff's letter, received on August 15, 2016. Doc. 32. Plaintiff responded to the August 8, 2016, minute order, wherein the Court directed the parties to provide an update on the status of this case. Doc. 31. The letter states, in relevant part: "I thought that all the information that the court requested was already filed. The last documents that I sent was the closed brief classified as CONFIDENTIAL and never got a confirmation notice that was received. I don't understand what other documents the court needs from me." Doc. 32. Based on Plaintiff's statements, the Court construes the letter as a status update and a motion for clarification, warranting further direction by the Court.

On February 2, 2016, the Court issued an order granting Plaintiff's motion to file an amendment to his first amended complaint. Doc. 29. An order amending the scheduling order was also issued and sent to Plaintiff that same day. Doc. 30. The order states, in relevant part:

> Within thirty (30) days after service of this order, appellant shall serve on respondent a letter brief outlining the reasons why he/she contends that a remand is warranted. The letter brief shall succinctly set forth the relevant issues and reasons for the remand. **The letter brief itself shall NOT be filed with the court and it shall be marked "confidential." A separate proof of service reflecting that the letter brief was served on respondent shall be filed with the court.**

Doc. 30, p. 2 (emphasis added). Plaintiff was therefore required to file a proof of service, no later than March 2, 2016, showing his letter brief was served on Defendant. Similarly, Defendant was to serve a responsive letter brief on Plaintiff and file a proof of service with the Court thirty-five days after service of Plaintiff's confidential letter brief. Doc. 30, p. 2.

To date, no proof of service has been filed by Plaintiff or Defendant. While Plaintiff states he sent "brief classified as CONFIDENTIAL and never got a confirmation notice that was received," it is unknown to whom and when he sent the brief.[1] And Defendant cannot serve her responsive confidential letter brief without receipt of Plaintiff's confidential letter brief. Consequently, the parties' failure to comply with the February 2, 2016 order triggered the Court's request for a status update.

Compliance with the scheduling order is mandatory and essential to the Court's management and resolution of a case. Mindful of Plaintiff's *pro se* status, the Court will therefore provide another opportunity for compliance with the amended scheduling order. To accommodate for the lapse of time, the Court will once again amend the scheduling order. Plaintiff is admonished that failure to comply with the scheduling order as amended below may result in a recommendation that this case be dismissed.

---

[1] On December 18, 2015, the Commissioner notified the Court that on December 15, 2015, she "received a packet from Plaintiff . . . which included a document containing a summary of disabilities and narrative description of impairments." Doc. 24, pg. 2. That receipt of the document predated the original (issued December 30, 2015) and amended scheduling order suggests it was not the confidential letter brief Plaintiff was required to file under the amended scheduling order.

Accordingly, the Court HEREBY DIRECTS the parties to comply with the scheduling order amended as follows:

1. Within thirty (30) days after service of this order, appellant shall serve on respondent a letter brief outlining the reasons why he/she contends that a remand is warranted.  The letter brief shall succinctly set forth the relevant issues and reasons for the remand.  The letter brief itself shall NOT be filed with the court and it shall be marked "confidential."  A separate proof of service reflecting that the letter brief was served on respondent shall be filed with the court.

2. Within thirty−five (35) days after service of appellant's letter brief, respondent shall serve a response to appellant's letter brief on appellant.  The response itself shall NOT be filed with the court and it shall be marked "confidential."  A separate proof of service reflecting that the response was served on appellant shall be filed with the court.

3. In the event the parties stipulate to a remand to the Commissioner, the stipulation shall be filed with the Court WITHIN fifteen (15) days after respondent serves his response on appellant.

4. In the event respondent does not agree to a remand, within thirty (30) days of service of respondent's response, appellant shall file and serve an opening brief with the court and on respondent.

5. In the event that the parties have already engaged in the prior steps (1-4), appellant shall file and serve an opening brief with the court and on respondent within thirty (30) days of service of this order.

6. Respondent's responsive brief shall be filed with the court and served on appellant within thirty (30) days after service of appellant's opening brief.

7. Appellant's reply brief shall be filed with the court and served on respondent within fifteen (15) days after service of respondent's brief.

8. Paragraphs 9-15 of the original scheduling order (Doc. 26) remain intact.

IT IS SO ORDERED.

Dated:   **August 24, 2016**              **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE