UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | **1:15-cv-00110 DAD GSA**<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING BY PLAINTIFF** |

**I.    Introduction**

On January 22, 2015, Plaintiff filed a Complaint challenging the denial of his applications for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. (Doc. 1). He filed an Amended Complaint on April 29, 2015. (Doc. 14). On December 30, 2015, a scheduling order was issued outlining the procedures for exchanging confidential letter briefs and specifying the requirements for filing briefs. (Doc. 26).

The parties exchanged confidential letter briefs pursuant to the scheduling order. (Docs. 36 and 37). The Defendant served Plaintiff with its letter on November 1, 2016. (Doc. 36). Pursuant to the scheduling order, Plaintiff was required to file his opening briefing within thirty (30) days of the service of that document. (Doc. 26, pg. 2, ln 24-27). On December 5, 2016, Plaintiff filed a letter which the Court is construing as Plaintiff's opening brief. (Doc. 37).

A review of the opening brief (Doc. 37) reveals that it is unclear whether Plaintiff wishes

to pursue his case. He begins by stating that he does not have enough evidence regarding his neuropathy, then indicates that his primary physician thinks he is lying. (Doc. 37, pg. 1). He goes on to explain why he is unable to work and concludes by indicating that he will continue to receive treatment and seek more help from his doctor. (Doc. 37, pgs. 3-4). For the reasons set forth below, the Court will give Plaintiff leave to file supplemental briefing.

**II.     Discussion**

Plaintiff is advised that under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine: (1) whether it is supported by substantial evidence; and (2) whether it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the administrative law judge's ("ALJ") decision, the ALJ's conclusion must be upheld." *Id*.

A review of Plaintiff's pleading reveals he has not identified any errors in the ALJ's decision given the information that the agency had at the time of his case. The scheduling order outlined the following requirements regarding the parties' briefs:

> *All references to the record and all assertion of fact must be accompanied by citations to the record. The opening and responsive brief shall contain the following*:
>
> **(a)** a plain description of appellant's alleged physical or emotional impairments, when appellant contends they became disabling, and how they disable appellant from work;
>
> **(b)** a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;
>
> **(c)** a summary of the relevant testimony at the administrative hearing;
>
> **(d)** a recitation of the Commissioner's findings and conclusions relevant to appellant's claims;

      **(e)** a short, separate statement of each of appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

      **(f)** arguments separately addressing each claimed error.

Arguments in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken. (Doc. 26, pgs. 3-4)

Therefore, if Plaintiff wishes to pursue his case, his briefing must identify *specific* errors in the ALJ's decision, such as the ALJ improperly interpreted the medical evidence, or improperly found the Plaintiff not credible. In the current brief, the crux of Plaintiff's argument is that the there is a doubt that the ALJ made the correct decision when denying him benefits. (Doc. 37, pg. 4). This is not the standard. As outlined above, the standard is whether the ALJ's decision is supported by substantial evidence. *Thomas v. Barnhart*, 278 F.3d at 947. Where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Id*. Plaintiff may not just make broad assertions or legal conclusions about the disability determination, or just give reasons why he cannot work. His brief must comply with the above instructions, including citing to the administrative record in support of any of his arguments. Any arguments must also be supported by the appropriate legal authority.

Additionally, it appears that Plaintiff is arguing that the administrative record is not complete. He generally references several documents including emergency room visits from 2006 – 2007, medical records from Dr. Wenstrup dated 2012-2014, as well records from Dr. Parisha dated 2014. (Doc. 37, pgs. 2-3). Plaintiff is advised that as a general rule, this Court's review is limited to the documents in the administrative record. The Appeals Council and this Court may consider new evidence when reviewing the ALJ's decision, as long as the evidence relates to the period on or before the ALJ's decision. *See*, 20 C.F.R. § 404.970(b); *Burnell v. Colvin*, 775 F. 3d 1133, 1136 (9th Cir. 2014) quoting *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the

3

district court must consider when reviewing the Commissioner's final decision for substantial evidence."). Evidence obtained after the ALJ's decision (which in this case was June 14, 2013 (AR 31-47)) that was not reviewed by the Appeals Council is generally not reviewable by this Court. An exception to this rule is when the claimant can establish that the evidence is material, and that there was good cause for the failure to submit the evidence into the record in the prior proceeding. *Brewes*, 682 F. 3d at 1164. Therefore, if Plaintiff wishes this Court to consider documents that are not part of the administrative record, he must file those documents with the Court. Moreover, if new medical records are attached, Plaintiff must explain how the records relate in time to the ALJ's decision. If the records were not considered by the ALJ or the Appeals Council, Plaintiff must establish that the records are material and that good cause exists establishing why the records were not timely submitted.

### III. Conclusion and Order

In light of the above, the Court will give Plaintiff additional time to advise the Court if he wishes to prosecute this action. If he wishes to pursue his case, Plaintiff shall file a supplemental brief in compliance with the guidelines set forth in this order **no later than January 29, 2017**. If he no longer wishes to pursue his case, he shall file a notice of voluntary dismissal by the above date.

*Plaintiff is advised that failure to file a supplemental brief as outlined above my result in dismissal of this action.*

IT IS SO ORDERED.

Dated: __December 12, 2016__          _____/s/ Gary S. Austin_____
                                                                    UNITED STATES MAGISTRATE JUDGE

4